CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 12 2019
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:16-cr-00014 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JAMES WILLIE WALLER, JR., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Court |
| Petitioner. | ) | |

This matter is before the Court on Petitioner James Willie Waller, Jr.'s ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter "§ 2255 Motion") [ECF No. 86], as well as the government's Motion to Dismiss Petitioner's § 2255 motion [ECF No. 90]. After briefing by the parties, I reviewed the record, the evidence, and the argument of the parties. For the reasons stated herein, I will grant the government's motion and dismiss Petitioner's § 2255 motion to vacate his sentence.

### I.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Petitioner was indicted in a 24-count indictment on November 14, 2016. [ECF No. 3.] On September 6, 2017, Petitioner exercised his constitutional right to a trial by jury. Midway through the government's first witness, however, Petitioner decided to enter a plea agreement with the government, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and plead guilty to Counts 7, 10, 12, and 22 of the Indictment. (See Plea Agreement § A.1 [ECF No. 48].) That agreement stated, specifically:

> I [Petitioner] waive any right I may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agree I will not file any document which seeks to disturb any such order, unless such filing is based on ineffective assistance of counsel. **I agree and understand that if I file any court document (except for an appeal based on an issue not otherwise waived in this**

**agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in my case, such action shall constitute a failure to comply with a provision of this agreement.**

(Id § D.1.2 (emphasis in original.)

Following a recess in which Petitioner, his counsel, and the government counsel conferred and finalized Petitioner's plea agreement, I placed Petitioner under oath and inquired of his desire to change his plea, as well as his understanding of his agreement with the government. (See Transcript 71:24–87:12, Sept. 6, 2017 [ECF No. 75].) Specifically, we had the following exchange:

> THE COURT: Then the next paragraph, waiver or right to collaterally attack. Do you understand what a collateral attack is?
>
> (Counsel conferred with the defendant.)
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you've given up that right, which means, Mr. Waller, that this court is the end of the line for you. You have nowhere to turn if you're dissatisfied with what's happened here.
>
> Do you understand that? Yes?
>
> THE DEFENDANT: Yes, sir.

(Tr. 85:23–86:8 [ECF No. 75].) Petitioner also signed the Guilty Plea form, indicating that his plea was "made knowingly and voluntarily and without threat of any kind or without promises other than those disclosed in open court." [ECF No. 49.]

On January 9, 2018, Petitioner was sentenced to 61 months in prison.[1] (Judgment, Jan. 9, 2018 [ECF No. 56.] Less than a week later, on January 16, Petitioner filed a Notice of Appeal. [ECF No. 58.] Petitioner also filed a motion seeking to postpone his prison reporting date [ECF No. 70], which I denied [ECF No. 71]. In July of 2018, Petitioner sent a letter to the court seeking a reduction in his sentence due to his status as a single father [ECF No. 77.] On October 11, 2018, the Fourth Circuit affirmed Petitioner's sentence. United States v. Waller, 750 F. App'x 205 (4th Cir. 2018).

On February 1, 2019, Petitioner filed his present Motion to Vacate. [ECF No. 86.] The government filed its motion to dismiss Petitioner's motion on May 10, 2019. [ECF No. 90.] After reviewing the briefs and submissions of the parties, as well as hearing all the evidence, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. See United States v. Frady, 456 U.S. 152, 164 (1982). Nevertheless, federal convicts in custody may attack the validity of their federal sentences via 28 U.S.C. § 2255. "Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a complete miscarriage of justice, or events that were inconsistent with the rudimentary demands of fair procedure." United States v. Martinez-Romero, No. 4:10-cr-20, 2012 WL 4470454, at *5 (W.D. Va. July 12, 2012) (citing United States v. Timmreck, 441 U.S. 780, 784 (1979)) (Report & Recommendation), adopted by 2012 WL 4459553 (W.D. Va. July 30, 2012). In a § 2255 motion to vacate, set aside, or correct a sentence, Petitioner bears the burden of proving that: (1) the district court imposed a sentence

---

[1] Thirty-seven months on Counts 7 & 22 to be served concurrently, and 24 months on Counts 10 & 12 to be serve concurrently to each other but consecutive to all other counts.

in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose a sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a) (2018).

### III. DISCUSSION

In his § 2255 Motion, Petitioner claims that he learned new evidence after his trial that shows that "various government witnesses stated that they willingly have there personal information such as, Social Security numbers, Dates of Birth, and full names to be entered In a computer in there presents [*sic* throughout]." [ECF No. 86.] He also asserts that he "never presented any forms of Identification to authorities nor did he sign or claim to be said witnesses. Mr. Waller did not obtain or attempt to obtain any of the witnesses government Identification from any government field locations . . . . Nor did Mr. Waller posse any of the witnesses government issued Identification during the search warrant process. [*sic* throughout]." (Id.) As a result, Petitioner claims he is factually and legally innocent[2] of the charges to which he pleaded guilty. Importantly, he does not contend that his attorney was deficient or ineffective in any regard.

In his plea agreement, with the exception of a claim of ineffective assistance of counsel, Petitioner waived all grounds of collateral attack against his sentence. (Plea Agmt. ¶ D.2 [ECF No. 48].)

A guilty plea, and any agreement made pursuant to it, must be made knowingly, voluntarily, and intelligently. Boykin v. Alabama, 395 U.S. 238 (1969). A defendant must know the direct consequences of a guilty plea, including the actual value of any commitments made by him, in order to plead voluntarily. See United States v. White, 366 F.3d 291, 298 (4th Cir.

---

[2] Petitioner seems to argue that, because he did not physically *steal* any victim's government identification, he cannot be guilty of aggravated identity *theft*.

2004). A court must inform the defendant and ensure that he understands the nature of the charges against him and the consequences of pleading guilty. Fed. R. Crim. P. 11; United States v. Damon, 191 F.3d 561, 564 (4th Cir. 1999). For example, a court must discuss the nature of the charges, the rights forfeited by pleading guilty, the penalties that could be imposed, and certain other terms or conditions of the plea agreement before establishing that a defendant is entering his or her plea free from force, threats, or promises made outside the agreement. Fed. R. Crim. P. 11(b)(1)–(2).

During his guilty plea hearing, Petitioner testified that he understood the plea agreement and its constituent parts, including the right to collaterally attack his sentence:

> THE COURT: Then the next paragraph, waiver or right to collaterally attack. Do you understand what a collateral attack is?
>
> (Counsel conferred with the defendant.)
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you've given up that right, which means, Mr. Waller, that this court is the end of the line for you. You have nowhere to turn if you're dissatisfied with what's happened here.
>
> Do you understand that? Yes?
>
> THE DEFENDANT: Yes, sir.

(Tr. 85:23–86:8 [ECF No. 75.]) In addition, at his guilty plea hearing, Petitioner asserted that he had the opportunity to review the indictment with his attorney, that he and his attorney discussed any possible defenses he might have, that entering a guilty plea was his best option, and that he had no complaints about his attorney's performance. (Id. 73:14–75:20.) He also testified that he read and understood the plea agreement to which he agreed. (Id. 77:12–19.) While reviewing a

copy of the plea agreement, I discussed all the relevant portions with Petitioner. At no point did Petitioner indicate that he did not understand his agreement or that he did not wish to enter into the agreement.

Petitioner's declarations in open court that he understood the plea agreement, as well as its provision waiving his right to collaterally attack his sentence, are binding. Because he entered into the plea agreement knowingly and voluntarily, he is bound by its terms. See <u>United States v. Copeland</u>, 707 F.3d 522, 528 (4th Cir. 2013). Petitioner has waived his right to pursue his collateral attack; therefore his Motion to Vacate will be dismissed.

## IV. <u>CONCLUSION</u>

In his plea agreement, Petitioner knowingly, voluntarily, and intelligently waived his right to pursue the motion he now presses before the court. Because the government is entitled to the benefit of its bargain with Petitioner, <u>United States v. Ringling</u>, 988 F.2d 504, 506 (4th Cir. 1993), Petitioner's waiver will be enforced and his motion to vacate will be dismissed.

The clerk is instructed to forward a copy of this Memorandum Opinion and accompanying Order to Petitioner and all counsel of record.

**ENTERED** this 12th day of September, 2019.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE