CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 19 2021

JULIA C. DUDLEY, CLERK
BY:  s/ H. MCDONALD
       DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No. 4:16-CR-00014** |
| **v.** | ) | |
| | ) | |
| **JAMES WILLIE WALLER, JR.,** | ) | **By:    Michael F. Urbanski** |
| **Defendant.** | ) | **Chief United States District Judge** |

### MEMORANDUM OPINION

This matter comes before the court on defendant James Willie Waller, Jr.'s <u>pro se</u> motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 105. The Federal Public Defender has supplemented Waller's <u>pro se</u> request. ECF No. 111, 112. The government opposes it. ECF No. 117. For the reasons stated herein, the court will **DENY** Waller's motions.

### I.

On September 6, 2017, Waller entered into a written plea agreement in which he pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, two counts of aggravated identify theft in violation of 18 U.S.C. § 1028A, and one count of student loan fraud in violation of 20 U.S.C. § 1097(a). ECF No. 48. On January 9, 2018, Waller was sentenced to 61 months of incarceration and ordered to pay $117,958 in restitution. ECF No. 56. Waller has been in continuous custody since February 28, 2018 and has served more than half of his sentence. ECF No. 111-4 at 3. Waller is currently housed at FCI Cumberland and has a projected release date of July 21, 2021.[1]

---

[1] Fed. Bureau of Prisons, <u>Find an inmate.</u>, <u>https://www.bop.gov/inmateloc/</u> (last visited Feb. 9, 2021) (search "James Willie Waller").

Waller seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Waller has been diagnosed with hypertension. ECF No. 108 at 18. Waller also reports that he is asthmatic and has an acute bronchial disorder, an acute respiratory illness, type 2 diabetes, high blood pressure, and high cholesterol. ECF No. 105 at 2. Waller worries that he is unable to protect himself from COVID-19 while at FCI Cumberland and says he is particularly susceptible to COVID-19 because he is African American. Id. at 2, 13. Waller asks the court to release him to his home in Danville. ECF No. 111 at 3. The government opposes any sentence reduction for Waller. ECF No. 117. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Waller's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Waller is a danger to the safety of the community.

    i.    <u>Waller has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u>; <u>see also</u> <u>United States v. McCoy</u>, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Waller requested compassionate release from the warden of his facility on June 23, 2020. ECF No. 105-1. There is no indication in the record that the warden has responded to Waller's request. Waller then filed a motion for compassionate release with this court on August 17, 2020. ECF No. 105. The government does not contest that Waller has exhausted his administrative remedies. ECF No. 117 at 5. Accordingly, the court finds that Waller has satisfied the statute's exhaustion requirement.

ii.     Waller does not present extraordinary and compelling circumstances.

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized

susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's,] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[3] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

Here, Waller has been diagnosed with hypertension, which the CDC recognizes "might" put him at an "increased risk for severe illness" should he contract the virus, but it also might not.[4] Waller also claims that he suffers from a litany of health problems, including asthma, an acute bronchial disorder, an acute respiratory illness, type 2 diabetes, high blood pressure, and high cholesterol. ECF No. 105 at 2. Waller's medical records do not confirm any of these diagnoses, and the Federal Public Defender's supplemental motion makes no mention of them. See ECF Nos. 108, 111. Accordingly, the court declines to consider those

---

[3] Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 3, 2021).
[4] Id.

undocumented conditions in ruling on Waller's current motions. Because the risk posed by hypertension, the only documented condition Waller has, is neither certain nor inevitable, it is not extraordinary and compelling enough to justify a reduction of his sentence. See, e.g., Barnes, 2020 WL 6450283, at *2.

While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). Because the court finds that Waller has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[5]

## III.

For the reasons stated herein, the court will **DENY** Waller's motions for compassionate release, ECF Nos. 105, 111, 112. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered:     February 18, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.02.18 16:33:21 -05'00'

Michael F. Urbanski
Chief United States District Judge

---

[5] Because the court finds that Waller has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.