CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

SEP 14 2023

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 4:16-CR-00014 |
| v. | ) |
| | ) |
| JAMES WILLIE WALLER, JR., | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant James Willie Waller, Jr.'s pro se motion for early termination of supervised release. ECF No. 130. For the reasons stated below, the court **DENIES without prejudice** Waller's motion.

On September 6, 2017, pursuant to a written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Waller pled guilty to four counts of a 24-count indictment charging him with a variety of financial crimes. Waller pled guilty to wire fraud, in violation of 18 U.S.C. § 1343 (Count 7); two counts of aggravated identity theft, as a principal and as an aider and abettor, each in violation of 18 U.S.C. § 1028A (Counts 10 and 12); and one count of student loan fraud, as a principal and aider and abettor, in violation of 20 U.S.C. § 1097(a) (Count 22). Plea Agreement, ECF No. 48. On January 9, 2018, Waller was sentenced to a term of 61 months, consisting of 37 months as to Counts 7 and 22 to be served concurrently, and 24 months on Counts 10 and 12 to be served concurrently with each other but consecutively to all other counts, to be followed by a 3-year term of supervised release. J., ECF No. 56 at 3–4. Waller also was ordered to make restitution in the amount of $117,958.00, by making an initial payment of $400.00 and monthly payments of $100.00. Id. at 7–8.

1

On July 21, 2021, Waller was released from custody to begin serving his 3-year term of supervised release. Gov't's Resp. to Mot., ECF No. 133 ¶ 4. On July 27, 2023, Waller sent the court a letter asking for early termination of his period of supervision. ECF No. 130. He informs the court that he is a single parent, and he would like to accompany his children to visit their mother and her relatives who live in California. He states that he currently must ask for permission to travel several weeks in advance and that scheduling issues sometimes interfere with their ability to travel. Mot., ECF No. 130. He indicates that early termination of his period of supervision would allow a more flexible travel schedule.

The court sought input from the United States Probation Officer who supervises Waller. The officer advised that Waller has presented no major issues or concerns. He has had one positive drug screen for cocaine and reported that without his knowledge he was given a cigarette laced with cocaine. He also quit a job without notifying the probation officer and was reprimanded for not reporting the change. Since that time, he has maintained employment and has had no further issues. Nevertheless, the probation officer does not recommend early termination because Waller still has a very high restitution balance of $115,892.00 even though he makes regular payments. The government also is opposed to early termination for Waller based on the high amount of the restitution balance. Resp., ECF No. 133 ¶ 9.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a period of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the

offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (4) any pertinent policy statement issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities among defendants; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282–83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the

3

releasee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and consistently tested negative in random drug testing).

Turning to the § 3553(a) factors and looking at the nature and circumstances of the offense, Waller engaged in a sophisticated, multi-year scheme using fraudulent identities to apply for student loans. Presentence Investigation Report (PSR), ECF No. 93 ¶¶ 4–26. Some of the identities were stolen, and some belonged to people who agreed that Waller could use their identities to fraudulently obtain loans in exchange for a percentage of the funds obtained. Id. ¶¶ 27–29. In all, Waller used the identities of 36 people to receive disbursement of $144,268.00 in fraudulent student loans. Id. ¶¶ 28–32. The deliberate and devious nature of Waller's criminal activity weighs against early termination of supervision.

Regarding Waller's history and characteristics, prior to his arrest on the fraud and identity theft charges, Waller had convictions for misdemeanor shoplifting, assault, assault and battery, disorderly conduct, and assault and battery on a family member. Id. ¶¶ 56–58. He also had convictions for felony attempted credit card theft, identity theft, and obtaining money by false pretenses, with those offenses being related to his federal offenses. Id. ¶ 60. Since being on supervised release, Waller has done well, except for the positive drug screen and failure to report quitting his job, described above. Taken together, Waller's history and characteristics are neutral regarding early termination of supervised release.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, along with the need for Waller to continue making restitution payments, having Waller remain on supervised release will provide benefits to both him and the public. Waller has been mostly successful on supervised release with the structure and guidance he

has received from his probation officer. However, Waller still owes a very large amount of restitution to the individuals and to the three educational institutions that he defrauded. See PSR, ECF No. 93 ¶¶ 30–36. Having Waller continue on supervised release will allow him to continue to benefit from the support and direction his probation officer provides, will give him additional incentive to make restitution payments, and will increase the chances that he will enjoy long-term success when his supervision ends.

Regarding the established range of supervised release terms for the category of Waller's offense, he faced a minimum statutory term of 3 years. Id. ¶ 88. This factor is neutral in the consideration of early termination. None of the remaining § 3553(a) factors weighs either in favor or against early termination of supervised release.

Finally, the court notes that Waller's reason for requesting early termination of supervised release, so that he and his family will have more flexibility to travel, does not change the court's conclusion that having Waller remain on supervised release will benefit both him and the community. Waller does not argue that he is unable to take his children to see their mother and other family members, only that it is difficult to schedule while he is on supervision. The court is sympathetic to the burdens that naturally come from being on supervised release, but nevertheless finds that it is appropriate for Waller to continue on supervision at this time.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing Waller's supervised release, the court **DENIES without prejudice** Waller's motion for early termination, ECF No. 130. The court is impressed with Waller's performance and behavior thus far, but concludes that having Waller remain on supervised release will

provide him with an additional period of guidance and resources and also will serve to protect the community.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: September 14, 2023

Michael F. Urbanski
Chief United States District Judge